IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WARD T. EVANS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 09-488-GBW |
| | : | |
| ROBERT MAY, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : : : | |
| | : | |
| Respondents. | : | |

# MEMORANDUM

## I. INTRODUCTION

Presently pending before the Court is Petitioner Ward T. Evans' ("Petitioner") Motion for Relief from Judgment filed pursuant to Federal Rule of Civil Procedure 60(b) and (d)(1). (D.I. 39) For the reasons discussed, the Court will deny the Motion.

## II. BACKGROUND

In 1982, Petitioner was convicted of first degree rape, and the Superior Court sentenced him to a life sentence with the possibility of parole. The Delaware Supreme Court affirmed Petitioner's conviction and sentence on June 21, 1984.

*See Evans v. State*, 483 A.2d 633 (Table), 1984 WL 180811 (Del. 1984). During the twenty-eight year period following his direct appeal, Petitioner has filed at least thirteen motions for post-conviction relief in the Delaware state courts. *See Evans v. State*, 2013 WL 1197942, at *1 (Del. Mar. 25, 2013) (affirming the denial of Petitioner's thirteenth Rule 61 motion).

From 1982 through 1984, while his direct appeal was still pending in the Delaware Supreme Court, Petitioner filed his first three federal habeas petitions ("Petition I", "Petition II", and "Petition III") in this Court. The Court denied all three Petitions, and the Third Circuit affirmed those decisions. *See Evans v. Phelps*, 722 F. Supp. 2d 523, 525 (D. Del. 2010).

Petitioner filed his fourth petition ("Petition IV") in November 1989. The Honorable James J. Latchum denied Petition IV on March 25, 1991, and the Third Circuit denied a certificate of probable cause. *See Evans*, 722 F. Supp. 2d at 525. The United States Supreme Court denied *certiorari* on May 18, 1992. *See Evans v. Redman*, 504 U.S. 923 (1992).

Petitioner filed his fifth petition ("Petition V") in this Court in April 1993, which the Honorable Joseph J. Farnan, Jr. dismissed on November 23, 1994. *See Evans*, 722 F. Supp. 2d at 525.

On December 11, 2008, Petitioner filed in the Third Circuit a motion for permission to file a second or successive habeas petition, asserting three grounds for relief ("Petition VI"). (*See* D.I. 1) The Third Circuit found that Petitioner's claims of trial court error and prosecutorial misconduct could have been presented in a prior petition, and therefore, denied those claims as second or successive. However, the Third Circuit concluded that Petitioner's administration of sentence claim was not second or successive because it could not previously have been brought. Accordingly, the Third Circuit returned Petition VI to this Court for review. (*See id.*)

Petition VI asserted four grounds for relief: (1) the Delaware Supreme Court's interpretation of Delaware law in 2005 deprived Petitioner from earning good time credits on his life sentence; (2) during his criminal trial, the Superior Court failed to instruct the jury on the lesser-included offense of second degree rape; (3) the prosecutor obtained Petitioner's conviction through the use of perjured testimony; and (4) judicial bias/improper conduct occurred during Petitioner's post-conviction appeal in 2008. The Honorable Joseph J. Farnan, Jr. denied Claim One for failing to satisfy the standard in § 2254(d), dismissed Claims Two and Three as second or successive claims, and denied Claim Four as factually

baseless. *See Evans,* 722 F. Supp. 2d at 526-531. The Third Circuit affirmed that decision. *See Evans v. Phelps*, 468 F. App'x 112 (3d Cir. Apr. 12, 2012).

Petitioner filed his seventh Petition ("Petition VII") on April 5, 2013. (*See* D.I. 3 in *Evans v. Phelps*, Civ. Act. No. 13-544-LPS) Petition VII asserted six grounds for relief: (1) the attorney who represented Petitioner during his appeal from the Honorable Joseph J. Farnan's denial of Petition VI provided ineffective assistance; (2) the Delaware Superior Court lacked jurisdiction over his case because the indictment failed to charge an offense; (3) the Delaware Superior Court lacked jurisdiction over his case because the Superior Court "*de facto*" dismissed the original warrant and complaint; (4) the sentencing court violated Petitioner's rights under the Eighth and Fourteenth Amendments by sentencing him to a greater punishment than the Delaware General Assembly intended; (5) the trial judge, defense counsel, and State prosecutor lied to Petitioner during the plea negotiations by telling him that his sentence would not be greater than forty-five years; and (6) the State willfully and intentionally deprived Petitioner of his Due Process and Equal Protection rights with respect his Rule 61 motion filed in the Delaware Superior Court in October 2012. (*See id.*) On March 24, 2014, the Honorable Leonard P. Stark dismissed Petition VII for lack of jurisdiction after determining that Claims One and Six did not assert issues cognizable on federal

4

habeas review, and Claims Two through Five were unauthorized second or successive habeas requests. (*See Evans v. Pierce*, 2014 WL 1247587, at *2-3 (D. Del. Mar. 24, 2014) Petitioner appealed that decision, and the Third Circuit Court of Appeals declined to issue a certificate of appealability because "jurists of reason would not debate the District Court's disposition of the claims in [Petitioner's] petition." (D.I. 14 in in *Evans v. Phelps*, Civ. Act. No. 13-544-LPS)

On November 28, 2022, Petitioner filed a Motion for Reconsideration Pursuant to Federal Rule of Civil Procedure 60(b) and (d)(1) concerning Judge Farnan's July 13, 2010 denial of Petition VI. (D.I. 39) The instant Motion contends that the Delaware Supreme Court abused its discretion when, on April 11, 2005, in *Evans v. State*, 872 A.2d 539 (Del. 2005), that court withdrew the mandate that was issued on November 23, 2004. (D.I. 39 at 6) Petitioner argues that the Delaware Supreme Court deprived him of due process by recalling its November 2004 decision, because the recall "allowed the State to reargue issues already decided (several times)" and resulted with the Delaware Supreme Court issuing "a second decision without authority or jurisdiction to do so." (D.I. 39 at 7) According to Petitioner, he "would have been eligible for conditional release no later than August 2011" had the Delaware Supreme Court acted in that manner. (D.I. 39 at 6)

5

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A Rule 60(b)(6) motion seeking relief for "any other reason" must be filed within a "reasonable time," which is determined by considering the interest of finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties. *See Dietsch v. United States*, 2 F. Supp. 2d 627, 633 (D.N.J. 1988). As a general rule, a Rule 60(b)(6) motion filed more than one year after final judgment is untimely unless "extraordinary circumstances" excuse the party's failure to proceed sooner. *See, e.g., Moolenaar v. Gov't of the V.I.*, 822 F.2d 1342, 1348 (3d Cir.1987) (Rule 60(b)(6) motion filed almost two years after judgment was not made within a reasonable time).

6

A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *See Pierce Assoc., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). When considering a Rule 60(b)(6) motion, a court must use a "flexible, multifactor approach ... that takes into account all the particulars of a movant's case." *Cox v. Horn*, 757 F.3d 113, 122 (3d Cir. 2014). Granting such a motion, however, is warranted only in the "extraordinary circumstance[ ] where, without such relief, an extreme and unexpected hardship would occur." *Id.* at 120. A Rule 60(b) motion is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

When, as here, a district court is presented with a Rule 60(b) motion after it has denied the petitioner's federal habeas petition, the court must first determine if the Rule 60(b) motion constitutes a second or successive habeas petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit:

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's

7

> underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). In *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005), the Supreme Court provided several examples of Rule 60(b) motions that were actually habeas claims, including a motion seeking leave to present newly discovered evidence, a motion attacking the effectiveness of trial counsel, and a motion seeking relief for "any other reason" under Rule 60(b)(6). *Id.* at 531.

In turn, Rule 60(d)(1) provides that a court has the power to "entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1). Courts have consistently held that Rule 60(d) is available "only to prevent a grave miscarriage of justice,"[3] and "may not be used as a substitute for appeal." *Sharpe v. United States,* 2010 WL 2572636, at *2 (E.D. Pa. June 22, 2010). "An independent action brought under Rule 60(d)(1) "is generally treated the same as a motion under Rule 60(b)." *Quarles v. Samples*, 2023 WL 2497864, at *1 (E.D. Pa. Mar. 14, 2023). Importantly, AEDPA's second or successive habeas bar also applies to motions filed pursuant to Rule 60(d)(1). *See Bleau v. Vaughn*, 2020 WL 3266031, at *3 (E.D. Pa. June 16, 2020).

---

[3] *United States v. Beggerly*, 524 U.S. 38, 47 (1998).

8

Pursuant to 28 U.S.C. § 2244(b)(3)(A), a petitioner must seek authorization from the appropriate court of appeals before filing a second or successive habeas petition in a district court. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007); Rule 9, 28 U.S.C. foll. § 2254. Notably, a petition for habeas relief is not considered to be "second or successive simply because it follows an earlier federal petition." *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005). Rather, a habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff*, 404 F.3d at 817; *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003). If a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

## IV. DISCUSSION

The following background information provides context for Petitioner's instant argument.

> On January 8, 2004, [Petitioner] filed a motion for correction of sentence in the Delaware Superior Court. He

9

argued that his sentence was unlawful because his status sheet did not identify a conditional release date calculated at a fixed term of 45 years, minus accumulated good time credits. The Superior Court denied [Petitioner's] motion without comment, but [on November 23, 2004, in *Evans I*], the Delaware Supreme Court reversed. The [*Evans I* Court] explained that *Crosby v. State*, a case that had been decided the previous year, made [Petitioner's] sentence unlawful. The court in *Crosby* held that "section 4348 incorporates section 4346(c)'s definition of a life sentence as a fixed term of 45 years." In reaching that result, the [*Crosby* Court] overruled *Jackson v. Multi–Purpose Criminal Justice Facility*, an earlier case that construed § 4348 not to incorporate § 4346's life sentence definition and regarded defendants serving life sentences as ineligible for conditional release under § 4348. The *Crosby* decision, the [*Evans I* Court] reasoned, rendered [Petitioner's] sentence unlawful because his maximum release date did not reflect a 45–year term of imprisonment.

*Evans I* generated swift political backlash. Within months of the decision, the General Assembly enacted, and the Governor signed into law, House Bill No. 31, 75 Del. Laws, c. 1, § 1, which declared *Evans I* "null and void." The Delaware Supreme Court promptly agreed to reconsider *Evans I* and to address the constitutionality of House Bill No. 31. In a lengthy opinion [*Evans II*], it withdrew *Evans I*, ruled that [Petitioner's] sentence is lawful, and struck down House Bill No. 31 as a violation of separation of powers principles. To explain its about-face, the *Evans II* Court clarified the scope of *Jackson* and *Crosby*. In cases involving violent offenders sentenced to life in prison before 1990, the court stated, *Jackson* controls. For those individuals, good time credits may accelerate the date of parole eligibility under § 4346. But good time credits have no bearing on a short–term release date pursuant to § 4348, for *Jackson* offenders are

10

> ineligible for conditional release. In cases involving non-violent habitual offenders sentenced to life in prison with the possibility of parole after 1990, by contrast, *Crosby* controls. Those individuals may use good time credits to accelerate a conditional date of release, measured against a life sentence pegged at 45 years. To the extent that *Crosby* purported to overrule *Jackson*, the *Evans II* Court explained, the statement was dicta. Finding that *Jackson* controlled [Petitioner's] appeal, the *Evans II* Court held that [Petitioner] is not eligible for conditional release and must remain incarcerated until his death, unless he is granted parole.

*Evans*, 2012 WL 1223971, at *2.

In the instant Rule 60(b) Motion, Petitioner contends that the Delaware Supreme Court violated his due process rights in *Evans II* by recalling the mandate it had issued in November 2004. Petitioner's argument regarding *Evans II* does not constitute a true Rule 60(b) motion for reconsideration because it does not challenge the integrity of Judge Farnan's 2010 denial of his sentence administration claim (Claim One) in Petition VI. (D.I. 115 at 15) Rather, the instant Rule 60(b) Motion constitutes a second or successive habeas petition under § 2244, because: (1) it presents a variation on Petitioner's challenge to the administration of his 2005 sentence that he presented in Petition VI; (2) Judge Farnan adjudicated the 2005 sentence administration claim on the merits by denying the argument under § 2254(d); and (3) Petitioner could have raised the instant argument in Petition VI.

11

Additionally, even though Petitioner cites Rule 60(d)(1) as providing an alternative authority for the instant Rule 60 Motion, the argument in the Motion does not assert a basis for an independent action. Rather, as just explained, the instant Motion merely provides a variation on a previously presented challenge to Petitioner's 2005 sentence that he could have presented in Petition VI. Thus, Petitioner's attempt to circumvent AEDPA's second or successive bar by citing Rule 60(d)(1) is unavailing.

Since there is no indication that the Third Circuit Court of Appeals authorized the filing of the pending Motion, the Court will dismiss the instant Rule 60(b)/(d)(1) Motion for lack of jurisdiction.[4] *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1).

## V. CONCLUSION

For the aforementioned reasons, the Court will dismiss the instant Rule 60(b)/(d)(1) Motion for lack of jurisdiction because it constitutes an unauthorized second or successive habeas petition. In addition, the Court will not issue a

---

[4]Nothing in the instant Rule 60(b)/(d)(1) Motion comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2). Therefore, the Court concludes that it would not be in the interest of justice to transfer this case to the Third Circuit.

certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see *United States v. Eyer*, 113 F.3d 470 (3d Cir.1997); 3d Cir. LAR 22.2 (2011). A separate Order will be entered.

Dated: July 28, 2023

 GREGORY B. WILLIAMS
 UNITED STATES DISTRICT JUDGE