IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WARD T. EVANS, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : Civil Action No. 09-488-GBW |
| | : |
| ROBERT MAY, Warden, and | : |
| ATTORNEY GENERAL OF THE | : |
| STATE OF DELAWARE, | : |
| | : |
| Respondents. | : |

**MEMORANDUM**

**I.   INTRODUCTION**

Pending before the Court is Petitioner's Motion for Rehearing (D.I. 51) concerning the Court's July 28, 2023 denial of his most recent Rule 60(b)/(d)(1) Motion for Reconsideration. (D.I. 48; D.I 49) The Court will limit its discussion of the extensive history in this case to the matter at hand, and notes that the full summary of Petitioner's voluminous history is set forth in full in the Court's July 28, 2023 Memorandum Opinion denying Petitioner's most recent Rule 60(b)/(d)(1) Motion for Reconsideration. (*See* D.I. 48 at 1-5) The slice of history most relevant to Petitioner's instant Motion for Rehearing is that, on November 28, 2022, Petitioner filed a Motion for Reconsideration Pursuant to Federal Rule of

Civil Procedure 60(b) and (d)(1) concerning Judge Farnan's July 13, 2010 denial of his sixth petition for federal habeas relief ("Petition VI"). (D.I. 39) In the November 2022 Rule 60(b)/(d)(1) Motion, Petitioner argued that the Delaware Supreme Court abused its discretion when, on April 11, 2005, in *Evans v. State*, 872 A.2d 539 (Del. 2005), the Delaware Supreme Court withdrew the mandate that had been issued in his case on November 23, 2004. (D.I. 39 at 6) Petitioner argued that the Delaware Supreme Court deprived him of due process by recalling its November 2004 decision, because the recall "allowed the State to reargue issues already decided (several times)" and resulted with the Delaware Supreme Court issuing "a second decision without authority or jurisdiction to do so." (D.I. 39 at 7) According to Petitioner, he "would have been eligible for conditional release no later than August 2011" had the Delaware Supreme Court not acted in that manner. (D.I. 39 at 6)

After extensively considering Petitioner's contention in his November 2022 Motion, the Court determined that Petitioner's Rule 60(b)/(d)(1) Motion was, in reality, a second or successive habeas petition challenging the Delaware Supreme Court's 2005 decision to recall the mandate it issued in November 2004 and not a true Rule 60(b) motion for reconsideration concerning the denial of Petition VI. (D.I. 48 at 9-11) Since Petitioner did not receive authorization from the Third

2

Circuit before filing the November 2022 Rule 60(b)/(d)(1) Motion, the Court dismissed the Motion for lack of jurisdiction because it constituted an unauthorized second or successive habeas request. (D.I. 48 at 12-13; D.I. 49)

On August 9, 2023, Petitioner filed a Motion for Rehearing of the Court's July 28, 2023 decision. (D.I. 51) On August 23, 2023, Petitioner filed a Notice of Appeal from the Court's July 28, 2023 decision. (D.I. 52) On August 31, 2023, the Court of Appeals for the Third Circuit issued an Order staying Petitioner's appeal pending disposition of Petitioner's Motion for Rehearing. (D.I. 55)

## II. STANDARD OF REVIEW

When a motion for reconsideration or rehearing is filed within 28 days of the entry of judgment, it must be considered under Rule 59(e), not Rule 60(b). *See* Fed. R. Civ. P. 59(e) advisory committee's note (2009 amend.) (expanding the former 10 day time period for filing a motion to alter or amend a judgment to 28 days); *Rankin v. Hunter*, 761 F.2d 936, 942 (3d Cir. 1985) (holding that "[r]egardless how it is styled, a motion filed within ten days of entry of judgment questioning the correctness of a judgment may be treated as a motion to alter or amend the judgment under Rule 59(e)"). A motion for reconsideration/amend judgment filed pursuant Federal Rule of Civil Procedure 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege

3

legal error." *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). In order to prevail on a Rule 59(e) motion, the moving party must show one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

### III. DISCUSSION

The Court views Petitioner's "Motion for Rehearing" filed on August 9 2023 as filed pursuant to Rule 59(e), because it was filed within twenty-eight days of the Court's July 28, 2003 decision. In his Rule 59(e) Motion, Petitioner contends that the Court erroneously treated his November 2022 Rule 60(b)/(d)(1) Motion as an unauthorized second or successive habeas petition. He argues:

> An issue already decided may be reopened in limited circumstances, such as a clearly erroneous decision which would work a manifest injustice. *Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994). There can be no doubt, the actions of the courts after the 11/23/04 *en banc* order were based on fraud and created a great manifest injustice to the Petitioner.

4

> Delaware courts have held, "when government violates its own laws it violates the Fourteenth Amendment." *Couch v. Delmarva Power & Light Co.*, 593 A.2d 554 (Del. Ch. 1991). Delaware clearly violated Del. Supr. Ct. Rules 18 and 19. All State and Federal courts abused their discretion when they failed to act to avoid the miscarriage of justice created by the Delaware Supreme Court's failure to follow its own rules.
>
>      \*    \*    \*
>
> Here, the Petitioner does not assert, or reassert, claims of error in the movant's state conviction. Since Petitioner's Rule 60b motion is not really a second or successive habeas petition, the District Court has jurisdiction to consider the merits of the motion. *Gonzalez v. Crosby*, 125 S.Ct. 2641 (2005).
>
> Fraud upon the court embraces that species of fraud which does or attempts to defile the court itself, or is fraud perpetrated by officers of the court (as happened here) so that the judicial machinery cannot perform in the usual manner.

(D.I. 51 at 2-3)

In its July 2023 Memorandum Opinion denying Petitioner's Rule 60(b)/(d)(1) Motion, the Court opined:

> **In the instant Rule 60(b) Motion, Petitioner contends that the Delaware Supreme Court violated his due process rights in *Evans II* by recalling the mandate it had issued in November 2004.** Petitioner's argument regarding *Evans II* does not constitute a true Rule 60(b) motion for reconsideration because it does not challenge the integrity of Judge Farnan's 2010 denial of his sentence administration claim (Claim One) in Petition VI. (D.I. 115

5

> at 15) Rather, the instant Rule 60(b) Motion constitutes a second or successive habeas petition under § 2244, because: (1) it presents a variation on Petitioner's challenge to the administration of his 2005 sentence that he presented in Petition VI; (2) Judge Farnan adjudicated the 2005 sentence administration claim on the merits by denying the argument under § 2254(d); and (3) Petitioner could have raised the instant argument in Petition VI.
>
> Additionally, even though Petitioner cites Rule 60(d)(1) as providing an alternative authority for the instant Rule 60 Motion, the argument in the Motion does not assert a basis for an independent action. Rather, as just explained, the instant Motion merely provides a variation on a previously presented challenge to Petitioner's 2005 sentence that he could have presented in Petition VI. Thus, Petitioner's attempt to circumvent AEDPA's second or successive bar by citing Rule 60(d)(1) is unavailing.

(D.I. 48 at 11-12) (emphasis added) Despite Petitioner's characterization to the contrary, his instant argument does constitute a challenge to his Delaware conviction and essentially re-asserts the same argument already considered and denied by the Court. In turn, although Petitioner alleges that fraud has occurred – and points to the state court's docket where "the Delaware Supreme Court ask[ed] the Prothonotary to remove the entry [concerning the mandate that was not issued] from the docket"[1] – that notation on the docket does not constitute fraud. Therefore, Petitioner fails to present a clear error of law or fact or demonstrate a

---

[1] (*See e.g.* D.I. 39-1 at Entry No. 74)

manifest injustice of the sort that would compel reconsideration of the Court's denial of his Rule 60(b)/(d)(1) Motion. Accordingly, the Court will deny Petitioner's instant Rule 59(e) Motion.

## IV. CONCLUSION

For the aforementioned reasons, the Court will deny the instant Rule 59(e) Motion. (D.I. 51) The Court also declines to issue a certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Dated: September 18, 2023

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE